**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

James P. May,
**Claimant Below, Petitioner**

**vs.)    No. 22-0121**    (BOR Appeal No. 2057182)
                             (JCN: 2021006223)

**B E T, LTD,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner James P. May appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). B E T, LTD, filed a timely response.[1] The issues on appeal are compensability and medical benefits. The claims administrator rejected the claim on October 21, 2020. On November 6, 2020, the claims administrator denied authorization of a request for lower back physical therapy. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its July 7, 2021, order. The order was affirmed by the Board of Review on January 20, 2022. Upon our review, we determine that oral argument is unnecessary and that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. *See* W. Va. R. App. P. 21.

Mr. May, a parts manager, alleges that he injured his lower back in the course of his employment on September 18, 2020. Mr. May was previously treated for lower back issues by Nicholas Bremer, M.D., on May 7, 2019. Dr. Bremer noted that Mr. May was evaluated for chronic low back pain that was present for approximately six months and had progressively worsened. Mr. May stated that the lower back pain radiated into his hips and both legs to his knees. Dr. Bremer diagnosed sacroilitis, lumbosacral spondylosis without myelopathy or radiculopathy, lumbar radiculopathy, and chronic pain syndrome. Mr. May was seen by Ashley Comer, APRN NP-C, on June 11, 2019, for low back and bilateral hip pain and follow-up after bilateral sacroiliac joint injections. The assessments were sacroilitis and chronic pain syndrome. On September 4, 2019, Mr. May reported to Kelley Whoolery, PA-C, that he hurt his back three years prior and was taking Baclofen. Mr. May was again seen on March 3, 2020, and September 14, 2020. PA-C Whoolery recommended physical therapy.

---

[1]Petitioner, James P. May, is represented by Patrick K. Maroney, and respondent, B E T, LTD, is represented by James W. Heslep.

1

On September 23, 2020, Mr. May sought treatment from PA-C Whoolery for a low back injury that occurred four days prior while Mr. May was pulling on a jack at work. It was noted that Mr. May had a history of back pain that radiated to the left leg and that he had previously undergone injections. Following the alleged injury at issue, Mr. May reported low back pain that radiated down his left leg to his foot. PA-C Whoolery diagnosed backache, unspecified dorsalgia, and lumbar radiculopathy.[2]

A September 29, 2020, treatment note from Boone Memorial Hospital ("BMH") indicates Mr. May presented to the emergency room for increased back pain after an injury at work a week and a half prior. Mr. May reported that he was pulling a pallet of ammunition when he felt a sudden onset of severe low back pain. A CT scan showed mild degenerative changes in the lumbar spine with no evidence of acute injury. L. Lucas, D.O., completed the report of injury on September 29, 2020, stating that Mr. May injured his back because the pallet jack was too heavy. It was indicated Mr. May had a lumbar sprain as a result of an occupational injury. However, the diagnoses were listed as acute low back pain and back muscle spasms.

On October 6, 2020, Richard Knapp, M.D., with BMH, noted that Mr. May injured his back and was using a cane to walk. Mr. May had undergone two weeks of physical therapy. An x-ray was performed that day and showed degenerative changes and no evidence of acute injury. Dr. Knapp referred Mr. May for an MRI. Mr. May returned to Dr. Knapp on October 13, 2020, and was advised to continue physical therapy. The claims administrator rejected the claim on October 21, 2020. On November 6, 2020, the claims administrator denied a request from BMH for lower back physical therapy.

On December 22, 2020, Mr. May answered interrogatories in which he asserted that he had no prior injuries, conditions, or other problems with the body part at issue. Mr. May testified in a March 15, 2021, deposition that on September 18, 2020, a coworker swung a pallet of ammunition around and when Mr. May attempted to help his coworker steady the pallet, his back gave out. Mr. May felt immediate pain in his back and left leg. He alleged that he reported his injury to a coworker, Ross Dillard, but Mr. Dillard claimed to have no knowledge of the injury. Mr. May also asserted that he reported the injury to his supervisor Kelley Goodpaster.

Mr. May testified that he left work the day of the alleged injury and sought treatment from Family Health Associates. He was referred for physical therapy. Mr. May stated that physical therapy greatly improved his symptoms, and he had not seen a physician since finishing the treatment. Mr. May testified that no physician prescribed a cane for walking, but he was unable to walk without one since the September 18, 2020, injury. Mr. May stated that he was off of work for four weeks following the alleged injury and was then laid off from employment. Mr. May stated that he had never experienced symptoms like the ones that resulted from the alleged injury. He admitted that he had previously experienced aches and pains but nothing that prevented him from working or doing his normal daily activities.

---

[2]The note stated "NOT WORKER'S COMP" but it is unclear if Mr. May made that statement.

The Office of Judges affirmed the claims administrator's decisions rejecting the claim and denying authorization of lower back physical therapy. It found that there was confusion in the record regarding the exact date of injury. Mr. May testified that he was injured on September 18, 2020, but medical records indicate he reported the date as September 21, 2020. Mr. May stated in interrogatories that he was injured on September 21, 2020. The Office of Judges ultimately found that the correct date of the alleged injury was September 18, 2020.

The Office of Judges noted that Mr. May had a history of low back pain. PA-C Whoolery noted in a September 23, 2020, treatment note that Mr. May previously saw Dr. Bremer for chronic back pain. PA-C Whoolery noted that Mr. May reported low back pain that radiated into his left leg following the alleged injury, but the symptoms were the same that Mr. May was treated for prior to the alleged injury. Further, PA-C Whoolery noted that Mr. May's complaints on September 23, 2020, were not related to workers' compensation. The Office of Judges found that when Mr. May was seen at BMH Emergency Department on September 29, 2020, he was diagnosed with acute low back pain and back muscle spasms.

The Office of Judges found that in his answers to interrogatories, Mr. May failed to mention his previous treatment by Dr. Bremer and denied any prior injuries or issues with his lower back. The Office of Judges noted that the medical records clearly show Mr. May was diagnosed with sacroilitis, lumbosacral spondylosis, lumbar radiculopathy, and chronic pain syndrome prior to the alleged injury. The Office of Judges further found that Mr. May testified in his deposition that his prior back issues were not as severe as the symptoms that arose following the alleged injury because his prior symptoms did not prevent him from working or doing his normal daily activities. The Office of Judges determined that Mr. May was previously treated several times for lower back pain with medications and injections, and physical therapy was recommended. The Office of Judges concluded that pursuant to *Gill v. City of Charleston,* 236 W. Va. 737, 783 S.E.2d 857 (2016)[3], Mr. May did not sustain a discrete new injury on September 18, 2020. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its order on January 20, 2022.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or

---

[3]In Syllabus Point 3 of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), this Court created a general rule that:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

3

mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find that the Board of Review's decision is the result of erroneous conclusions of law. In Syllabus Point 5 of *Moore v. ICG Tygart Valley, Inc.*, 247 W. Va. 292, 879 S.E.2d 779 (2022), this Court stated that:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

In this case, Mr. May clearly had preexisting lower back issues for which he underwent treatment. However, it is unclear from the record what, if any, symptoms he was experiencing prior to the alleged injury at issue. Neither the Office of Judges nor the Board of Review had the opportunity to perform the *Moore* analysis. We therefore reverse and remand the case to the Board of Review for further development of the evidentiary record and analysis under *Moore*.[4]

Reversed and Remanded.

**ISSUED:** October 23, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice Tim Armstead
Justice C. Haley Bunn

BUNN, Justice, joined by Justice Armstead, dissenting:

---

[4]Pursuant to West Virginia Code § 23-5-8a(a) the Office of Judges was terminated, and its authority was transferred to the Board of Review.

4

I dissent from the majority's decision in this case because I would have affirmed the Board of Review's order. The majority has determined that Mr. May was entitled to an analysis of his injury under our prior holding in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), which provides that

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) *before the injury, the claimant's preexisting disease or condition was asymptomatic*, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Syl. pt. 5, *id.* (emphasis added). I disagree with the majority's resolution of this case because Mr. May has not satisfied the first prong of the *Moore* analysis which requires that his preexisting condition was "*asymptomatic*" at the time he sustained his allegedly work-related injury. *See id.* (emphasis added). On the contrary, the record evidence demonstrates that the medical provider who first evaluated Mr. May for the allegedly work-related back injury at issue in this case noted that, at the time of her examination, Mr. May was already taking two pain-relieving medications, had received pain management injections and recent x-rays, and had declined referrals to physical therapy all for a prior back injury that pre-dated his alleged injury at work. Therefore, it is clear that Mr. May's preexisting back condition was not "*asymptomatic*" at the time of his allegedly work-related injury, and, as a result, he cannot meet the first prong of the *Moore* analysis. *See id.* (emphasis added). Because Mr. May does not satisfy the first element of *Moore*, reversing the Board of Review's decision to the contrary and remanding the case with instructions to conduct this analysis is not supported by the facts and is patently wrong. Accordingly, I dissent from the majority's decision in this case because the Board of Review did not err by affirming the lower tribunals' orders finding Mr. May's allegedly work-related back injury was not compensable and further denying his request for medical benefits. I am authorized to state that Justice Armstead joins in this dissenting opinion.

5